The judgment of the court was pronounced by
Eustis, C. J.
On the decision by this court in the case of Walker v. Caldwell, 4th Ann. 296., in which it was held, that Theodore O. Stark, who had been appointed liquidator of the Atchaialaya Railroad and Banking Company under the statute of the 16,th of March, 1848, could not maintain the action by reason of the statute beipg in conflict with the Constitutibn, Stark represented by petition to the Court of the Fifth District of New Orleans, that by virtue of his said appointment, he had, previous to said decision, taken possession o.f the books, papers and assetts of said company; that by virtue of said decision, his appoimnent .yvas held to be null and void, an.d that there was no person authoized fo .administer the affairs of said company, and that thereby the interests of said .company and the rights of creditors were greatly injured ; that there were large s.unjs due by the .company, and large claims on behalf of said bank in litigation, and that the proceedings for the liquidation of the affairs o.f the .company were pending before the court. On this petition the district court, having .cognizance of the proceedings before it under the statute for the liquidation of insolvent banks, appointed Theodore O. Stark receiver of .the company, according to the prayer of his petition, with power to take charge of its assetts and to liquidate its affairs, &c., on his entering into bond in the sum of $10,000, with good and sufficient security for the .faithful discharge of his duties as receiver.
By virtue of this appointment Stark instituted the present action ip the same court against Burke, Watt and other stockholders of the company, for a contribution to pay certain creditors, on the ground of their not having paid the full amount of the stock held by them.
The defendants excepted to the plaintiff-’s action, on the ground of the illegality of his appointment as receiver. The court sustained .the exception, dismissed the petition, and th.e plaintiff has appealed.
We consider that there .can be no question as to the power of the court, in the view of the condition of the affairs of the company as exhibited by the proceedings before it, to appoint a receiver for the preservation of the interests of all concerned. The court, ex proprio motu, was bound to prevent the confusion and dilapidation consequent upon the abandonment of its affairs produced by the inefficiency of the law under which Stark had taken possession of and con *741 tinued to hold the records, papers and assetts of the company. The proceedings for the forfeiture of the charter of the company, and the liquidation, as far as it had progressed, being before the Fifth District Court we think the court properly exercised its authority in making the appointment. Brown v. The Union Insurance Company, 3d Ann. 182.
We think our brother of the district court labored under a misapprehension in supposing that the appointment of the receiver was tantamount to reviving a defunct corporation, and therefore illegal.
We do not understand the law to be, as contended for by counsel, that in the dissolution of a corporation the personal property of the corporation vests in the State, and the debts due to and from the corporation cannot be x-ecovered. On the contrary, by the civil law on the dissolution of corporations of this class, the property of the corporation belongs to its members and must be divided among them.
Nor do we consider the corporation, in any sense, as revived by this appointment. As a corporation it has ceased to exist; the appointment is merely a saving of the rights of creditors and of the property of the association.
There are several other exceptions taken by the defendants, which have not been decided by the district court, and of course stand reserved. There is one upon which, it is stated by counsel, it is particularly desirable that we should express an opinion, in consequence of the number of the defendants and their different places of residences, and the great delays to which proceedings in liquidation of this kind are exposed. It is, as to the plea of domicil. Our impression is, that under the allegations of the petition, and the proceedings heretofore had, all the parties defendant within the State are amenable to the jurisdiction of the Fifth District Court, notwithstanding their residence out of the parish of New Orleans. Barrow v. Norwood, 3 L. R. 436. Toby v. Hart, 8 L. R. 524. Vanwick v. Hills, 4 R. R. 140. Thompson v. Chretien, 3 R. R. 26. Drew v. Atchinson, 3 R. R. 140. Duggan v. Lizardi, 5 R. R. 226. Bourgerol v. Allard, 6 R. R. 351. Amis v. Bank of Louisiana, 9 R. R. 349. Mayor of New Orleans v. Ripley, 5 L. R. 122.
The judgment of the district court is therefore reversed, the exception of the defendants overruled, and the case remanded for further proceedings; the appellees paying the costs of this appeal.